(December 15, 1900.)

### PORTER v. STEELE, JUDGE.

[63 Pac. 187.]

WRIT OF REVIEW—HEARING BY COURT.—Where the writ of review is asked upon the ground that the judge of the district court. had exceeded his jurisdiction in hearing and determining the. cause at chambers and the return to the writ, which return contains a copy of the court record, shows that the cause was heard. and determined by the court at a regular term thereof, the writ. will be discharged.

(Syllabus by the court.)

Original proceeding for writ of review.

McFarland & McFarland, for Plaintiff, file no brief.

Eugene O'Neill, for Defendant, cites no authorities upon the point decided by the court.

HUSTON, C. J.—This is an application for a writ of review. On the fourteenth day of October, 1899, the petitioner was granted by the district court of Nez Perces county, Idaho, a de-

cree of divorce. from her then husband, L. A. Porter, in which decree it was, among other things, decreed "that the custody of the minor children, Ray Porter, Neeta Porter, and Harold Porter, be awarded to plaintiff [this petitioner]." On the twelfth day of July, 1900, L. A. Porter, the defendant in the divorce suit, filed in the said district court his petition praying for a modification of said decree to the effect that the children of plaintiff and defendant, Neeta and Harold Porter, be permitted to visit the defendant at all reasonable and proper times, and to come to the home of the defendant, and that the defendant be permitted to visit the said children at reasonable and proper times at the home of the plaintiff and all other places. that such children may be; and for a further order that the plaintiff be restrained from estranging the said children from the defendant, and preventing the same from being done by others. To this petition an answer was filed by the plaintiff, and a hearing had before the court of the eleventh day of September, 1900, and on the fourteenth day of September, 1900, the said district court made an order granting the prayer of the petition. It is contended by the petitioner here that said hearing was had and order made by the said judge at chambers, and not by the court, and was therefore in excess of the jurisdiction of said judge. This contention is not borne out by the record:

"Sept. Term, 1900, Seventh Judicial Day, September 11th, 1900. Among others, the following proceedings were had (pages 411 and 412 of records of district court) : No. 255½. Mary A. Porter, Plaintiff, v. L. A. Porter, Defendant. On motion of E. O'Neill, Esq., this cause is placed upon the calendar, and now this case comes on regularly on petition of L. A. Porter for order of court granting privilege of said L. A. Porter's children to visit him when they desire. Mary A. Porter, L. H. Sprague, G. C. Goldman, A. McLeod, H. K. Kline, as interpreter, Erzie Todd, R. A. Langford, George Bunn, Robert Smith, and Mrs. Leon Porter are duly sworn and examined against the granting of said petition, and L. A. Porter, Sarah A. Spear, Carrie Evans, and E. S. Kummorly are duly sworn and examined in behalf of said defendant. Their testimony concluded, defendant rests, and the case is submitted to and taken under

advisement by the court.    Court now adjourns till 9 :30 A. M. to-morrow.

"EDGAR C. STEELE,

"Judge."

"September Term, 1900.    Tenth Judicial Day.    September 14th, 1900 (page 419, records of district court) : No. 255½. Mary A. Porter, Plaintiff, v. L. A. Porter, Defendant.    The court at this time grants the petition of defendant L. A. Porter asking that an order be entered granting privilege of having his children visit him, the petition having been heretofore submitted and taken under advisement.    Order is to be entered accordingly.    Exceptions granted to plaintiff.

"EDGAR C. STEELE,

"Judge."

Another reason why the writ of review will not lie is that the order complained of was an order made after judgment, from which an appeal will lie under our statutes.    Any errors that may have been committed in the order or in the granting of it can only be corrected on appeal.    Writ dismissed, and proceedings affirmed, with costs to defendant.

Quarles and Sullivan, JJ., concur.